Coffin, S.
The testimony of those witnesses who related what the testatrix said to them when the claimant was not present, *904 touching the terms on which he occupied the premises, and which was objected to, must be disregarded, the objection being well taken. The case must, therefore, be determined upon the other evidence given.
It has been well and wisely settled that a claim of an executor or administrator against the estate he represents should be regarded with suspicion and its merits closely scrutinized. The reasons are too obvious to require repetition here.
It is qui.te apparent that in this case there was an express contract or agreement between the deceased and the claimantand because he is unable to prove its terms he cannot abandon it and seek to recover a quantum meruit on an implied contract. If he cannot recover according to the terms of the express contract he must fail. The principle is that promises in law exist only in the absence of express promises. Chitty on Oont., 25.
The facts disclosed are substantially these: Coles, the young man deceased had reared, was about to leave, and, at her suggestion, he went to get his uncle, the claimant, to come and see her. His testimony is given thus: “Mr. Lang and Mrs. Stringer were up stairs in her room, and I was present. Mrs. Stringer asked him if he would move there, and, after some talk about it, he finally consented. He said that he had hired a place, and got a place where he wished to go¡ and it would not pay him to move there. After quite a good deal of conversation and talk he finally consénted, and she seemed very much pleased. During the conversation she said he would not lose anything by the operation, and that Frank had been very good to her. Just before he left she asked him to pay the taxes, but he did not make any answer.” This testimony is very unsatisfactory. It gives none of the details of the conversation as to the terms considered between the parties, and yet the claimant moved there with his family, occupied certain rooms in the house, as did the deceased certain other rooms, he did pay the taxes and delivered the receipts therefor to her, she ate her meals with his family about seven months in the year, except when she had company, and there is not a particle of evidence to show that she ever paid him any money or acknowledged any liability to do so, or that he ever demanded any at any time, during the four years over which the relations extended. By her will she bequeathed to him her household furniture, and also devised to him the use of the part of the' house and part of the land for five years, on condition that he should pay the taxes. These facts alone lead my mind to the conclusion that there, was an express agreement between the parties. But there is an additional fact of much cogency. The claimant himself was called to the stand and asked to “ state what the contract was between you and Mrs. Stringer in relation to your coming there and taking care of the place.” The question was objected to and the objection sustained, but the question itself concedes the fact that there was a contract, and was doubtless based upon information obtained from the client. The learned counsel for the claimant, in a brief submitted, says the contract could not be proven “ because of the objection to claimant’s testifying,” and that he, therefore, relies “on the law *905 of that large class of cases which hold that services being per-, formed, the law implies a promise of payment.” Those cases to which he refers are cases where services were rendered in the absence of any express agreement
I cannot divest my mind of the belief that there was such an agreement, and its terms not having been established, it cannot be enforced.
The claim is, therefore, disallowed.